FILED

**NOT FOR PUBLICATION**

MAR 10 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

QUINTIN ORRIN MORRIS,

Petitioner - Appellant,

v.

RICK HILL, Warden,

Respondent - Appellee.

No. 13-55143

D.C. No. 2:12-cv-06953-AHM-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Alvin Howard Matz, District Judge, Presiding

Argued and Submitted March 3, 2015
Pasadena California

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

Quintin Morris appeals from the district court's order denying his petition

for a writ of habeas corpus and dismissing it without prejudice. We have

jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court dismissed Morris' petition as a "second or successive" habeas petition filed without the authorization of the court of appeals, as required by the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(b)(3)(A). Morris does not dispute that his petition failed to satisfy the procedural requirements of 28 U.S.C. § 2244(b)(3)(A). Rather, he contends that because he alleges a freestanding actual innocence claim, AEDPA's restrictions on second or successive petitions are unconstitutional as applied to him.

Neither the Supreme Court nor the Ninth Circuit has determined whether a freestanding claim of actual innocence is cognizable on federal habeas review, although each court has assumed without deciding that such a claim is viable. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."); *Herrera v. Collins*, 506 U.S. 390, 417 (1993) (assuming without deciding that the execution of an innocent defendant would be unconstitutional); *accord id.* at 419 (O'Connor, J., concurring); *id.* at 429 (White, J., concurring); *see also Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014) ("We have not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceeding in the non-capital context, although we have assumed that such a claim is viable.").

A showing for such a claim must be "extraordinarily high" and "truly persuasive." *Herrera*, 506 U.S. at 417; *accord id.* at 426 (O'Connor, J., concurring). We have said that, at a minimum, a petitioner "must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc) (citing *Herrera*, 506 U.S. at 442-44 (Blackmun, J., dissenting)); *accord Jones*, 763 F.3d at 1246.

Here, we need not decide whether to recognize a freestanding actual innocence claim, because even assuming that such a claim is cognizable in a non-capital case, Morris has failed to satisfy this high standard. *See Osborne v. Dist. Atty's's Office for the Third Judicial Dist.*, 521 F.3d 1118, 1131 (9th Cir. 2008) ("*Herrera*, *House* [*v. Bell*, 547 U.S. 518 (2006)], *Carriger*, and *Jackson* [*v. Calderon*, 211 F.3d 1148 (9th Cir. 2000)] all support the practice of first resolving whether a petitioner has made an adequate evidentiary showing of actual innocence before reaching the constitutional question of whether freestanding innocence claims are cognizable in habeas."), *rev'd on other grounds*, 557 U.S. 52 (2009); *Jones*, 763 F.3d at 1251.

To demonstrate his innocence, Morris primarily relies upon the confession of Howard Holt, a convicted felon serving three life sentences, one of them without

3

the possibility of parole, and a consecutive term of 68 years. While a credible confession by the actual perpetrator may affirmatively demonstrate actual innocence, *see Carriger*, 132 F.3d at 477, Holt's confession is not sufficiently credible. Holt has nothing to lose by confessing. *See House*, 547 U.S. at 552 (confessions by inmates have less probative value than confessions by "eyewitnesses with no evident motive to lie"). Moreover, Holt's testimony at the evidentiary hearing is inconsistent with his prior declarations in an important respect. *See Carriger*, 132 F.3d at 477 (confession by purported perpetrator did not affirmatively prove petitioner was actually innocent due to contradictions in his story).

Nor does Morris' other new evidence adequately demonstrate his innocence. The testimony of Claude Davis, Holt's crime partner, that Holt committed the crime is not sufficiently credible because his depositions are inconsistent with each other and with Holt's description of the route they took while driving away from the crime scene. The testimony of Harlan Morgan, who was arrested with Morris, that neither he nor Morris committed the crime does not sufficiently support Morris' claim because Morgan previously confessed to being an accessory after the fact to Morris' crime.

For all of these reasons, we find that Morris has failed to meet the "extraordinarily high" standard of "affirmatively prov[ing] that he is probably innocent." Accordingly, his petition must be denied. In reaching this conclusion, we do not express any view as to whether Morris is actually innocent. We simply conclude that he does not meet the daunting requirements specified in the cases that are currently binding on us.

AFFIRMED.